Filed 4/21/22

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078919 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN363925) |
| WELDON K. McDAVID, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Sim Von Kalinowski, Judge. Affirmed in part, reversed in part, and remanded with directions.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, A. Natasha Cortina, Acting Assistant Attorney General and Kelley Johnson, Deputy Attorney General, for Plaintiff and Respondent.

1

Defendant Weldon K. McDavid, Jr. appeals a judgment from his resentencing hearing after we remanded this matter following his original appeal in *People v. Lovejoy et al.* (July 28, 2020, D073477), a nonpublished opinion (*Lovejoy*).[1]  In *Lovejoy*, we affirmed McDavid's criminal convictions, but vacated his sentence and remanded the matter to allow the trial court to exercise its discretion under recently amended Penal Code section 12022.53[2] to either impose or strike the section 12022.53, subdivision (d) enhancements that the court had originally imposed under the former version of the statute.

On remand, the trial court declined to strike the section 12022.53 enhancements and reimposed its original sentence, except for a reduction of the restitution fines from $10,000 to $1,800.  On appeal from his resentencing judgment, McDavid contends:  (1) the court was unaware of, and therefore abused, its discretion to impose lesser, uncharged section 12022.53 enhancements in lieu of imposing the greater, charged section 12022.53, subdivision (d) enhancements found true by the jury; (2) his $154 criminal justice administration fee imposed under former Government Code section 29550.1 must be vacated to the extent that any amount remained unpaid as of July 1, 2021; and (3) the court erred by not crediting him with all actual custody time that he had served through the time of his resentencing.  We vacate McDavid's sentence and any balance of the criminal justice administration fee imposed under former Government Code section 29550.1 that remained unpaid as of July 1, 2021, and we remand the matter for resentencing to:  (1) allow the trial court to exercise its discretion as to whether to impose lesser, uncharged section 12022.53, section 12022.5,

---

[1]    McDavid was tried jointly with his codefendant, Diana Lovejoy.

[2]    All statutory references are to the Penal Code unless otherwise specified.

subdivision (a), or other lesser included enhancements in lieu of imposing section 12022.53, subdivision (d) enhancements; (2) amend its abstract of judgment to reflect our vacatur of any criminal justice administration fee imposed under former Government Code section 29550.1 that remained unpaid as of July 1, 2021; and (3) correct its April 30, 2021 minute order and amend its abstract of judgment to reflect an award to McDavid of presentence credit for all custody time served through the time of his April 30, 2021 resentencing.[3] In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

*Trial.* As discussed in *Lovejoy, supra,* D073477, in 2017, a jury found McDavid guilty of the offenses of conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a)) (count 1) and premeditated attempted murder (§§ 664, 187, subd. (a), 189) (count 2).[4] The jury also found true allegations that in committing each of those offenses, McDavid intentionally and personally discharged a firearm, causing great bodily injury (§ 12022.53, subd. (d)) and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

*Original sentencing.* On January 31, 2018, the trial court sentenced McDavid to an indeterminate term of 25 years to life on count 1 and a consecutive indeterminate term of 25 years to life for the related section 12022.53, subdivision (d) enhancement, for a total term of 50 years to life in

---

[3]    In the event that the trial court on remand exercises its discretion to strike either or both of the section 12022.53, subdivision (d) enhancements and impose lesser section 12022.53 enhancements, the court is directed to award McDavid presentence credits for all of the time that he has served in custody through the date of the resentencing.

[4]    For purposes of our disposition of McDavid's contentions on appeal, we need not repeat the underlying facts in this case. For a detailed factual and procedural background, see *Lovejoy, supra,* D073477.

prison. The court also imposed, but pursuant to section 654 stayed execution of, an indeterminate term of 25 years to life on count 2, a consecutive indeterminate term of 25 years to life for the related section 12022.53, subdivision (d) enhancement, and a three-year term for the related section 12022.7, subdivision (a) enhancement.

*First appeal.* In his first appeal, McDavid contended, among other things, that the trial court abused its discretion by failing to exercise its discretion under recently amended Penal Code section 12022.53, subdivision (h), to strike the section 12022.53, subdivision (d) enhancements for personally using a firearm and causing great bodily injury in committing his two offenses or, in the alternative, that his counsel rendered ineffective assistance by failing to request that the court strike the section 12022.53, subdivision (d) enhancements. In particular, McDavid argued that because the record affirmatively showed that the court was unaware of its discretion to strike those enhancements, the matter must be remanded to allow the court to decide whether to exercise that discretion.

In *Lovejoy*, we noted that effective January 1, 2018, Senate Bill No. 620 (Stats. 2018, ch. 682, § 1), amended section 12022.53, subdivision (h) to permit the striking of a firearm enhancement under section 12022.53, whereas under the former version, imposition of a section 12022.53 enhancement was mandatory. (*Lovejoy, supra,* D073477.) We concluded that at time of McDavid's original sentencing (i.e., January 31, 2018), the trial court was unaware of its discretion under recently amended section 12022.53, subdivision (h) to strike the section 12022.53, subdivision (d) enhancements and we therefore remanded the matter for the court to conduct a new sentencing hearing to allow it to exercise that discretion. (*Lovejoy, supra,* D073477.) In our disposition, we stated in part: "McDavid's sentence is

4

vacated and the matter is remanded for resentencing for the limited purpose of allowing the trial court *to exercise its discretion as to whether to strike the section 12022.53, subdivision (d) enhancements*." (*Lovejoy*, D073477, italics added.)

*Resentencing on remand.* On April 30, 2021, the trial court conducted a resentencing hearing on remand. The court declined to strike the section 12022.53, subdivision (d) enhancements and reimposed its original sentence, except for a reduction in the restitution fines from $10,000 to $1,800. McDavid timely filed a notice of appeal, challenging his resentencing judgment. On January 31, 2022, we sent a letter to the parties requesting that they submit supplemental briefs addressing the effect on this appeal of the opinion recently issued by the California Supreme Court in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). The parties have submitted, and we have considered, their supplemental briefs.

DISCUSSION

I

*Remand for Resentencing Is Required in Light of Tirado's Holding That Trial Courts Have Discretion to Impose Lesser, Uncharged Section 12022.53 Enhancements*

McDavid contends that the trial court abused its discretion in reimposing the section 12022.53, subdivision (d) enhancements because the court was unaware of its discretion to impose lesser, uncharged section 12022.53 enhancements or other lesser included enhancements in lieu of the greater, charged section 12022.53, subdivision (d) enhancements. He also contends that if his counsel forfeited this issue by not requesting that the court impose lesser section 12022.53 or other enhancements, he was denied effective assistance of counsel.

5

We agree with McDavid that remand for resentencing is required, but not because the trial court was unaware of its discretion. Rather, we conclude that remand is required because, while McDavid's appeal was pending in this court, the California Supreme Court issued its opinion in *Tirado, supra*, 12 Cal.5th 688, resolving a split of authority among the Courts of Appeal on the question of whether a trial court may strike a section 12022.53, subdivision (d) enhancement and impose a lesser, uncharged section 12022.53 enhancement; *Tirado* applies to all nonfinal judgments.

A

*Resentencing.* As noted, in *Lovejoy*, we vacated McDavid's original sentence and remanded the matter for resentencing to allow the trial court to exercise its discretion as to whether to strike the section 12022.53, subdivision (d) enhancements. (*Lovejoy, supra*, D073477.) On remand, McDavid filed a motion to strike his section 12022.53, subdivision (d) enhancements in the furtherance of justice, citing his personal circumstances and history and the underlying facts of the case. At the resentencing hearing, his counsel requested that the court exercise its discretion to strike the section 12022.53, subdivision (d) enhancements. The prosecutor opposed McDavid's request, arguing that the interests of justice and the facts of the case supported reimposition of the section 12022.53, subdivision (d) enhancements. Neither McDavid's counsel nor the prosecutor argued that the court had discretion to impose lesser, uncharged section 12022.53 enhancements in lieu of imposing the greater, charged section 12022.53, subdivision (d) enhancements. The court declined to exercise its discretion to strike the section 12022.53, subdivision (d) enhancements, finding that doing so would not be in the interests of justice. The court reimposed the original sentence, including the section 12022.53, subdivision (d) enhancements,

6

noting that McDavid was more culpable than his codefendant, Diana Lovejoy, and that his offenses were extremely serious.

B

*Relevant law*. "Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies . . . :  a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded [section 12022.53, subdivision (b)]; a 20-year term if the defendant 'personally and intentionally discharges a firearm' [section 12022.53, subdivision (c)]; and a 25-year-to-life term if the intentional discharge of the firearm causes 'great bodily injury' or 'death, to any person other than an accomplice' [section 12022.53, subdivision (d)]." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124.)  "For these enhancements to apply, the requisite facts must be alleged in the information or indictment, and [the] defendant must admit those facts or the trier of fact must find them to be true." (*Id*. at pp. 1124-1125.)

Section 12022.53, subdivision (h), as amended effective January 1, 2018, provides:  "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.  The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (Stats. 2017, ch. 682, § 2.)  Section 1385 provides:  "[A] judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action be dismissed." (§ 1385, subd. (a).)  Section 1385 further provides that where "the court has the authority pursuant to subdivision (a) to strike or dismiss

7

an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice." (§ 1385, subd. (b)(1).)

In *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*), the court concluded that under then newly amended section 12022.53, subdivision (h), trial courts had the discretion to strike a section 12022.53 enhancement and impose a lesser included, *uncharged* section 12022.53 enhancement. (*Morrison*, at pp. 222-223.) *Morrison* explained that case law generally supports the imposition by a trial court of a lesser enhancement that was not charged in the information when the greater, charged enhancement was found true by the trier of fact, but the trial court thereafter found that greater enhancement to be either legally inapplicable or unsupported by sufficient evidence. (*Id.* at p. 222.) Based on that general discretion, *Morrison* extended the scope of a trial court's discretion by concluding that a trial court could also impose a lesser section 12022.53 enhancement after striking a section 12022.53, subdivision (d) enhancement under section 1385, *even if* that lesser enhancement had not been charged in the information and not been found true by a trier of fact. (*Morrison*, at pp. 222-223.)

In *People v. Tirado* (2019) 38 Cal.App.5th 637 (review granted Nov. 13, 2019, S257658 and reversed and remanded by *Tirado, supra*, 12 Cal.5th 688), the Court of Appeal concluded that the plain language of sections 1385 and 12022.53, subdivision (h) did not authorize a trial court to substitute one enhancement for another. (*People v. Tirado*, at p. 643.) Accordingly, the court concluded that trial courts do not have the authority to impose lesser, uncharged section 12022.53 enhancements, but rather, have only the binary choice of imposing a section 12022.53, subdivision (d) enhancement or striking or dismissing it. (*People v. Tirado*, at pp. 640, 643-644.) In so

8

holding, the court expressed its disagreement with the reasoning and holding in *Morrison*, *supra*, 34 Cal.App.5th 217. (*People v. Tirado*, at p. 644.)

In *Tirado*, *supra*, 12 Cal.5th 688, the California Supreme Court noted that the Courts of Appeal had split on the question of whether a trial court has the authority to strike a greater section 12022.53, subdivision (d) enhancement and impose a lesser, uncharged section 12022.53 enhancement instead, and agreed with *Morrison*'s holding that trial courts do have such discretion. (*Tirado*, at pp. 696, 701.) In explaining its holding, *Tirado* applied reasoning somewhat different from that applied in *Morrison*, concluding: "When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision] (d) enhancement, and the court determines that the section 12022.53[, subdivision] (d) enhancement should be struck or dismissed under section 12022.53[, subdivision] (h), the court may, under section 12022.53[, subdivision] (j), impose an enhancement under section 12022.53[, subdivision] (b) or (c)." (*Tirado*, at p. 700.) The court reasoned that section 12022.53, subdivision (h) gives trial courts the discretion to strike or dismiss a greater, charged section 12022.53 enhancement and that section 12022.53, subdivision (j) gives them the discretion to impose a lesser, uncharged section 12022.53 enhancement where the accusatory pleading alleged, and the jury found true, the facts supporting such a lesser, uncharged section 12022.53 enhancement. (*Tirado*, at pp. 694, 697.) In particular, the court stated: "Section 12022.53[, subdivision] (j) is the subdivision that authorizes the imposition of enhancements under section 12022.53. It provides that for the penalties in section 12022.53 to apply, the existence of any fact required by section 12022.53[, subdivision] (b), (c), or (d) must be alleged in the accusatory

9

pleading and admitted or found true."[5] (*Tirado*, at p. 700.)  Accordingly, *Tirado* held that a trial court has the discretion to strike a greater, charged section 12022.53 enhancement and impose a lesser, uncharged section 12022.53 enhancement where the facts supporting that lesser enhancement were alleged in the information and found true by the jury.

C

*Analysis*.  McDavid asserts that because the record shows that the trial court was unaware of its discretion to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser, uncharged section 12022.53 enhancements or other lesser included enhancements, we must remand the matter to permit the court to decide whether to exercise that discretion.  The People argue that McDavid may not raise this issue on appeal because he forfeited it by not raising it in the trial court prior to or during his resentencing hearing.  However, as discussed *post*, because *Tirado* resolved a split of authority among the Courts of Appeal on the instant question, *Tirado* applies retrospectively to McDavid's nonfinal judgment and therefore, remand for resentencing is required regardless of any forfeiture.

At the time of McDavid's April 30, 2021 resentencing, the California Supreme Court had not yet issued its decision in *Tirado*, *supra*, 12 Cal.5th 688, and there is nothing in the record indicating that the trial court anticipated the Supreme Court's holding, or otherwise understood that it had discretion to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser, uncharged section 12022.53 enhancements.  Neither McDavid's counsel nor the prosecutor raised the issue of the trial court's

---

5    Section 12022.53, subdivision (j) provides:  "For the penalties in this section to apply, the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact. . . ."

10

discretion to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser, uncharged section 12022.53 enhancements. Further, there is nothing in our opinion in *Lovejoy* that would have made the trial court aware of that discretion. On the contrary, the language of our disposition in *Lovejoy* could have reasonably been interpreted by the trial court, as well as the parties, as giving the court only a binary choice on remand to either impose *or* strike the section 12022.53, subdivision (d) enhancements. (*Lovejoy*, *supra*, D073477.) In reimposing the section 12022.53, subdivision (d) enhancements, the trial court reasoned that it would not be in the interests of justice to strike those enhancements. Because the court's reasoning reflects an apparent belief that it had only a binary choice (i.e., to either impose *or* strike the section 12022.53, subdivision (d) enhancements) in exercising its sentencing discretion on remand, the record does not demonstrate that the trial court understood, and exercised, its discretion to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser, uncharged section 12022.53 enhancements.

In addition, because, as noted *ante*, prior to the Supreme Court's decision in *Tirado* there was a split among the Courts of Appeal on the question of a trial court's authority to strike a greater section 12022.53 enhancement and instead impose a lesser, uncharged section 120220.53 enhancement, we cannot presume that, at the time of McDavid's resentencing on April 30, 2021, the trial court was aware of its discretion in this regard. (See, e.g., *People v. Jeffers* (1987) 43 Cal.3d 984, 1000 (*Jeffers*); *People v. Chambers* (1982) 136 Cal.App.3d 444, 457 (*Chambers*).) On the contrary, we cannot fault the trial court for failing to anticipate that the California Supreme Court would subsequently issue its opinion in *Tirado* holding that trial courts have such discretion.

11

We agree with McDavid that his case must be remanded for resentencing, but not, as he argues, because the trial court was unaware of its discretion under *Morrison*. Rather, his case must be remanded because he is entitled to the retrospective application of the holding in *Tirado*. The general rule is that judicial decisions are given retrospective effect. *People v. Guerra* (1984) 37 Cal.3d 385 noted that the principle of retrospective application to all nonfinal judgments "is well settled. 'As a matter of normal judicial operation, even a non-retroactive decision [i.e., one that cannot serve as a basis for collateral attack on a final judgment] ordinarily governs all cases still pending on direct review when the decision is rendered.' [Citation.]" (*Id.* at p. 400, quoting *People v. Rollins* (1967) 65 Cal.2d 681, 685, fn. 3.) That rule applies to decisions of the California Supreme Court, like *Tirado*, that resolve conflicts between the Courts of Appeal or establish the meaning of a statutory enactment. (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1023; *In re Borlik* (2011) 194 Cal.App.4th 30, 40; *People v. Walsh* (1996) 49 Cal.App.4th 1096, 1104 [holding that because California Supreme Court opinion "resolved a conflict between lower court decisions, the ordinary presumption of retroactive operation applies"]; *Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1503.) Accordingly, although *Tirado* had not been decided at the time of McDavid's resentencing on April 30, 2021, he is entitled to its retrospective application to his case because the judgment in his case is not final.

Because the record does not show that the trial court was aware that it had discretion to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser, uncharged section 12022.53 enhancements, we conclude that the appropriate remedy is to remand the matter to the trial court for the court to conduct another resentencing hearing at which it shall

12

exercise its discretion as to whether to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser, uncharged section 12022.53 enhancements, as authorized by *Tirado*.[6]  (Cf. *People v. Lua* (2017) 10 Cal.App.5th 1004, 1007 [remand appropriate for court to consider striking some or all enhancements]; cf. *Jeffers, supra,* 43 Cal.3d at p. 1000 [remanded for resentencing where lack of authoritative statutory construction rebutted presumption that trial court followed established law]; *Chambers, supra,* 136 Cal.App.3d at p. 457 [remand for resentencing was appropriate because trial court's sentencing discretion had not been established at the time of appellant's sentencing].)  We express no opinion regarding how the trial court should exercise that discretion on remand.

D

*McDavid's suggested section 12022.5, subdivision (a) lesser enhancement option*.  McDavid also argues that the trial court has discretion to strike the section 12022.53, subdivision (d) enhancements and instead impose *any* lesser included enhancements if the elements of those enhancements have been found true by the trier of fact (e.g., § 12022.5, subd.

---

[6]     Although at the April 30, 2021 resentencing hearing the trial court elected not to strike the section 12022.53, subdivision (d) enhancements, noting McDavid's greater culpability than Lovejoy's and the seriousness of his offenses, the record supports an inference that the court may not necessarily have declined to exercise its discretion under *Tirado* if it had been aware of it.  For example, given Lovejoy's recruitment and manipulation of McDavid to kill her estranged husband, as well as other circumstances (e.g., McDavid's lack of serious criminal history, his military history, etc.), the court might have concluded that the imposition of a total prison term for McDavid (i.e., 50 years to life) that was nearly twice the total prison term imposed on Lovejoy (i.e., 26 years to life) was not appropriate under the circumstances and exercised its discretion to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser, uncharged section 12022.53 enhancements.

13

(a) enhancement or § 12022.53, subd. (b) or (c) enhancement). Although *Tirado* did not expressly address the question of whether a trial court has the discretion to strike a section 12022.53, subdivision (d) enhancement and instead impose a lesser included enhancement *other than* a section 12022.53, subdivision (b) or (c) enhancement (e.g., § 12022.5, subd. (a) enhancement), its language and reasoning provide support for such an option.

In its introductory paragraph, *Tirado* stated: "The question [in this case] is what the court may do if it decides to strike [a section 12022.53, subdivision (d)] enhancement. May the court impose a lesser uncharged enhancement under either section 12022.53, subdivision (b) . . . or section 12022.53, subdivision (c) . . . ? Or is the court limited to imposing the section 12022.53[, subdivision] (d) enhancement or striking it? We conclude the statutory framework permits a court to strike the section 12022.53, [subdivision] (d) enhancement found true by the jury and to *impose a lesser uncharged statutory enhancement instead*." (*Tirado*, *supra*, 12 Cal.5th at p. 692, italics added.) The italicized language in that final sentence supports an interpretation of *Tirado* that would authorize trial courts to strike a section 12022.53, subdivision (d) enhancement and instead impose any lesser included enhancement, whether a lesser section 12022.53 enhancement or other lesser enhancement, if the factual elements for that lesser enhancement have been alleged in the accusatory pleading and found true by the trier of fact.

In reaching this conclusion, *Tirado* included a discussion of cases in which courts have approved the imposition of a lesser included enhancement other than one listed in the specific statute for the charged enhancement. (*Tirado*, *supra*, 12 Cal.5th at pp. 697-699, citing *People v. Strickland* (1974) 11 Cal.3d 946, 961 [§ 12022 enhancement applied instead of charged

14

§ 12022.5 enhancement]; *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395, 1398 [§ 12022.5, subd. (a) enhancement applied instead of charged § 12022.53, subd. (d) enhancement].)  *Tirado* stated:  "Here, the Legislature has permitted courts to impose the penalties under section 12022.53[, subdivision] (b), (c), or (d) *so long as the existence of facts required by the relevant subdivision has been alleged and found true.*"  (*Tirado*, at p. 702, italics added.)  As McDavid argues, this reasoning suggests that a trial court is authorized to exercise its discretion under section 12022.53, subdivision (h) to strike a charged section 12022.53, subdivision (d) enhancement and instead impose an uncharged lesser enhancement, provided that the factual elements for that lesser enhancement were alleged in the accusatory pleading and found true by the trier of fact (e.g., § 12022.53, subd. (b) or (c) enhancement or § 12022.5, subd. (a) enhancement).

Accordingly, we agree with McDavid's argument that, under the reasoning of *Tirado*, the trial court has the discretion on remand to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser included uncharged enhancements including, but not limited to, section 12022.53, subdivision (b) or (c) enhancements, if the factual elements for those lesser included enhancements were alleged in the information and found true by the jury (e.g., § 12022.5, subd. (a) enhancements).

II

*Government Code Section 29550.1 Fee*

In his opening brief, McDavid contended that the $154 criminal justice administration fee imposed under former Government Code section 29550.1 by the trial court at his April 30, 2021, resentencing hearing should be stricken in its entirety pursuant to Assembly Bill No. 1869, which became effective July 1, 2021.  However, in his reply brief, he acknowledges our

holding in *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945 (*Lopez-Vinck*), which was decided after he filed his opening brief, and now agrees with the People that only any remaining unpaid balance of that $154 fee as of July 1, 2021, must be vacated.

A

*$154 fee imposed.* At McDavid's original sentencing hearing on January 31, 2018, the trial court imposed a criminal justice administration fee of $154 pursuant to former Government Code section 29550.1.[7] At McDavid's resentencing hearing on April 30, 2021, the court reimposed the $154 criminal justice administration fee.

B

*Relevant law.* As we discussed in *Lopez-Vinck*, *supra*, 68 Cal.App.5th 945, the Legislature enacted new Government Code section 6111 (§ 6111) and repealed former Government Code section 29550.1, effective July 1, 2021. (*Lopez-Vinck*, at p. 950.) Section 6111 provides:

> "(a) On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.

---

7    Although the abstract of judgment states that the $154 criminal justice administration fee was being imposed pursuant to Government Code section 29550, we presume the court actually imposed that fee pursuant to former Government Code section 29550.1. (See, e.g., *Lopez-Vinck*, *supra*, 68 Cal.App.5th at p. 950 [$154 criminal justice administration fee imposed pursuant to former Gov. Code, § 29550.1]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1031 & fn. 10 [$154 criminal justice administration fee imposed pursuant to former Gov. Code, § 29550.1].) Accordingly, we shall hereafter refer to former Government Code section 29550.1 as the statutory authority for the court's imposition of the $154 criminal justice administration fee.

"(b)  This section shall become operative on July 1, 2021."
(Stats. 2020, ch. 92; Assembly Bill No. 1869 (2019-2020 Reg. Sess.) § 2.)
Construing that statutory language, we concluded:  "By specifying the precise
date on which the costs that have been imposed on defendants pursuant to
[former Government Code section 29550.1] become unenforceable and
uncollectible, the Legislature made clear that any amounts paid prior to [July
1, 2021] need not be vacated, regardless of whether the sentence of the person
on whom the costs were imposed is final."  (*Lopez-Vinck*, *supra*, 68
Cal.App.5th at p. 953.)  We further concluded that because the Legislature
expressed its intent to extend the ameliorative changes regarding the
imposition of administrative fees to individuals serving both final and
nonfinal sentences, "but only to the extent of relieving those individuals of
the burden of any debt that remains unpaid on and after July 1, 2021, the [*In
re Estrada* (1965) 63 Cal.2d 740] rule does not apply, and [the appellant] is
not entitled to have the fee imposed pursuant to [former] Government Code
section 29550.1 vacated in its entirety as a result of the repeal of [former
Government Code] section 29550.1."  (*Ibid.*)  Accordingly, we held that the
appellant was "entitled to the vacatur of that portion of the criminal justice
administration fee imposed pursuant to [former] Government Code section
29550.1 that remains unpaid as of July 1, 2021, and to the modification of his
judgment consistent with such vacatur."  (*Ibid.*)

C

*Analysis.*  As the People argue in their respondent's brief and as
McDavid concedes in his reply brief, our opinion in *Lopez-Vinck*, *supra*, 68
Cal.App.5th 945 is the controlling authority on McDavid's initial contention
that the $154 criminal justice administration fee imposed by the trial court
under former Government Code section 29550.1 should be stricken in its

17

entirety. As we explained in *Lopez-Vinck*, under section 6111, subdivision (a), an appellant like McDavid is not entitled to have the entire $154 fee stricken from his judgment, but rather is entitled to have vacated only any remaining balance of that fee that was unpaid as of July 1, 2021. (*Lopez-Vinck*, at p. 953.) Accordingly, we vacate any balance of the costs imposed by the trial court pursuant to former Government Code section 29550.1 that remained unpaid as of July 1, 2021. (*Lopez-Vinck*, at p. 954.)

## III

### *Presentence Custody Credits*

McDavid contends that the trial court erred by not crediting him with all actual custody time that he had served before his resentencing on April 30, 2021. The People concede that the trial court should have awarded McDavid credit for all presentence custody that he served prior to his resentencing on April 30, 2021.

## A

*Awards of presentence custody credits.* At McDavid's original sentencing hearing on January 31, 2018, the trial court awarded him 511 days of presentence credits for actual days served in custody and 76 days of presentence credits for local conduct, for a total of 587 days of presentence credits. At his resentencing hearing on April 30, 2021, the court reduced the amount of his restitution fines from $10,000 to $1,800 and then awarded him a total of 587 days of presentence credits, which is the same number of presentence credits that it awarded him at his original sentencing.

## B

*Relevant law.* "When . . . an appellate remand results in a modification of a felony sentence during the term of imprisonment, the trial court must calculate *actual time* the defendant has already served and credit that time

18

against the 'subsequent sentence.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23 (*Buckhalter*); see also § 2900.1 [when a sentence is modified while being served, the time already served "shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts"].) Accordingly, when a trial court modifies a defendant's sentence on remand after an appeal, it must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*Buckhalter*, at p. 37.)

C

At McDavid's resentencing on remand after *Lovejoy*, the trial court modified its original sentence by reducing the amount of his restitution fines from $10,000 to $1,800. We conclude, and the parties agree, that because the trial court modified McDavid's sentence on remand, the court was required to recalculate the number of presentence credits to which he was entitled through the date of his resentencing (i.e., 1,772 days of presentence custody credits), award him those presentence credits in resentencing him, and then reflect that updated award in its amended abstract of judgment. (*Buckhalter*, *supra*, 26 Cal.4th at pp. 23, 37; § 2900.1.) By awarding McDavid only 511 days of presentence custody credits served through the date of his original sentencing and omitting an award for the 1,185 days of custody that he served in prison between the time of his original sentencing on January 31, 2018, and his resentencing on April 30, 2021, the court erred. On remand of this matter, the trial court is directed to amend its abstract of judgment for its April 30, 2021 resentencing to reflect a total award of 1,772 days of presentence credits (i.e., 1,696 days of presentence custody credits and 76 days of local conduct credits). In addition, in the event that the court on remand exercises its discretion to strike either or both of the section

19

12022.53, subdivision (d) enhancements entirely or impose lesser section 12022.53 or other lesser included enhancements, the court is directed to award McDavid presentence credits for all time he will have served in custody through the date of that resentencing.[8]

DISPOSITION

The judgment is modified to vacate any portion of the criminal justice administration fee imposed by the trial court pursuant to former Government Code section 29550.1 that remained unpaid as of July 1, 2021. McDavid's sentence that was imposed on April 30, 2021, is vacated and the matter is remanded for resentencing: (1) for the limited purpose of allowing the trial court to exercise its discretion as to whether to strike the section 12022.53, subdivision (d) enhancements and instead impose lesser section 12022.53, section 12022.5, subdivision (a), or other lesser included enhancements; and (2) with directions that the trial court amend its abstract of judgment to reflect our vacatur of any balance of the criminal justice administration fee imposed pursuant to former Government Code section 29550.1 that remained unpaid as of July 1, 2021, and to reflect an award of the correct number of presentence credits as of April 30, 2021. In all other respects, the judgment is affirmed as so modified. The court shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

---

[8]   Because our vacating any remaining balance of the criminal justice administration *fee* imposed pursuant to Government Code section 29550.1 does not have the effect of reducing McDavid's criminal punishment (*People v. Alford* (2007) 42 Cal.4th 749, 756-759 [court security *fee* is *not* criminal punishment]; cf. *People v. Hanson* (2000) 23 Cal.4th 355, 362 [restitution *fines* are a form of criminal punishment]), any reimposition of the section 12022.53, subdivision (d) enhancements without other modification of McDavid's sentence will not require a recalculation of his presentence credits through the date of the resentencing on remand from this appeal. (*Buckhalter*, *supra*, 26 Cal.4th at pp. 23, 37; § 2900.1.)

AARON, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.